UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KEITH ROYSTER,

        Plaintiff,

        -against-

ROCHDALE VILLAGE CO-OP
SPECIAL HOUSING OFFICERS
WILLIAMS, SIMMS, JOHN DOE #1,
JOHN DOE #2, and JOHN DOE #3,

        Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

08-CV-1367 (CBA)

AMON, United States District Judge.

    Plaintiff Keith Royster, who is currently incarcerated at Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted, solely for the purpose of this order, but for the reasons set forth below, the Complaint is dismissed.

## BACKGROUND

    Plaintiff brings suit against several special housing officers employed at the Rochdale Village cooperative in Jamaica, Queens. He alleges that on February 3, 2008, the officers physically assaulted him, causing permanent physical injuries and psychological trauma. He alleges that the assault was perpetrated in retaliation for plaintiff's report that one of the defendants, Officer Williams, had used controlled substances, and another defendant, Officer Simms, had left his post and been drinking while on duty. Plaintiff seeks monetary compensation for his injuries in the amount of $1 million.

**DISCUSSION**

**A. Standard of Review**

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, a *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers.'" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

**B. Civil Rights Claims**

Plaintiff alleges that defendant's actions violated his civil rights. A claim for violations of constitutional rights is cognizable under 42 U.S.C. § 1983 ("§ 1983"). In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the

2

deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

Plaintiff's claims against Rochdale Village and its special housing officers must be dismissed because plaintiff has failed to allege that the defendant organization and its security officers are "state actors", and it appears that any such allegations could not be made in good faith. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted). The activities of private security guards constitute state action only in very limited circumstances: where the private guards are given the authority of state law or when the private guards are willful participants in some joint activity of the State or its agents. See Guiducci v. Kohl's Dep't Stores, 320 F. Supp. 2d 35, 37 (E.D.N.Y. 2004)(collecting cases); see also Prowisor v. Bon-Ton, Inc., 426 F. Supp. 2d 165, 170 (S.D.N.Y. 2006), aff'd, 232 Fed. Appx. 26, 2007 WL 1233595 (2d Cir. April 27, 2007). Here, the plaintiff has not even attempted to allege that Rochdale Village special housing officers either are state actors themselves or were acting in concert with the state.[1] Accordingly, plaintiff has failed to state a claim under § 1983 or any other provision of federal law, and his case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

---

[1] In fact, it appears that Rochdale Village is a private housing cooperative. See http://en.wikipedia.org/wiki/Rochdale,_Queens (last visited April 16, 2008).

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to enter judgment and to close this case.

SO ORDERED.

CAROL BAGLEY AMON
United States District Judge

Dated: April 17, 2008
Brooklyn, New York